Next case in our call this morning is Agenda Number 12, Case Number 107-954, ABN AMRO Mortgage Group v. Nona L. McGahan. Mr. Reagan, you may proceed. May it please the Court. Counsel. My name is Mike Reagan, and together with Patty Nelson of Chicago Volunteer Legal Services, who is seated at the Counsel table, we represent both Chicago Volunteer Legal Services as amicus, and by appointment of this Court, the unknown heirs of Nona McGahan. In light of the Bank's comments regarding our standing, some preliminary comments on our posture before this Court are perhaps in order. First of all, the Banks made no mention in their briefing of our appointment to represent the heirs, and that appointment alone grants us standing. There is no, there would be, there is in this case, no other representation of the missing parties and of the unknown heirs, but for our stepping forward as amicus. The protection of decedents' estates is an historic role of the Courts, which is a responsibility of the Courts independent of the representation to the Courts or the assistance of counsel or parties. Every Court has the duty to examine its own jurisdiction, and indeed, within the last year or two, this Court has said that that is one of the two most important roles that any Court performs, and that duty to examine jurisdiction is so regardless of whether any party has raised an objection, and it occurs at every level of the Court system. Necessary parties has a dignity almost approaching jurisdiction, and that is in the absence of a necessary party, a Court may not proceed except in some extraordinarily limited circumstances, and secondly, the Court has an independent obligation to search for the absence of necessary parties and to refuse to proceed if that's the case. Lastly, in terms of the factors justifying our participation here, this Court recognized in First Capital v. Tillandus Construction that there is a jurisprudential difference in quality between a reviewing court which reverses the considered judgment of a trial court and one which affirms the judgment of a trial court, and we're assuming that there's either some sort of a problem on appeal, that is nobody appears to defend the appeal or the appellant has abandoned it or something like that. So in the situation where the appellee, which would be the errors, took no action because there were none, I mean, where there's nobody to defend the trial court, then the reviewing courts have this obligation to determine whether there is merit in reversing the trial court, whereas if it were simply an appellant who abandoned an appeal, then the considered judgment of the trial court remains in force, and this Court has recognized that there is that difference. So for each of those reasons, we suggest that our participation with the Court here today is highly appropriate. The notion of the considered judgment of the trial court is a great entry into the substantive issues here because of the quality of the trial court's opinions here. It's often said that on appeal, there is greater room and time for reflection and development of the issues, and I suggest that the trial court's actions in this case were extraordinary in terms of the quality of the development of the issues. Not that they are entitled to deference. This is still clearly a de novo review, but nonetheless, I think they provide great guidance here. The circuit court dismissed these cases for lack of subject matter jurisdiction. Section 1501 of the Mortgage Foreclosure Act states, in absolutely plain language, that the mortgagor is a necessary party to a foreclosure action, and that section has both jurisdictional and necessary party consequences. And we recognize that this Court has developed a line of cases which are getting increasingly muscular about the broad scope of a circuit court's subject matter jurisdiction based upon the 1964 judicial article, which was incorporated into the Constitution in 1970. But nonetheless, a case still has to be properly brought within a court's jurisdiction. Jurisdiction doesn't exist in the abstract. Somehow it has to come before the court. The case has to come there. And that is by way of a complaint. And I don't mean to be trite about this. We've developed this notion in the brief. And that the complaint must be sufficient to demonstrate a justiciable question involving adverse interests. This Court doesn't exist to have people come in and simply all agree upon the law. There has to be adversity in order for there to be a justiciable question. And in the absence of a defendant, there is no adversity, and there is therefore no justiciable question. And if a complaint does not demonstrate the existence of a justiciable question, then there is no subject matter jurisdiction. Now, a complaint naming a deceased person is a nullity and does not confer jurisdiction on the court. And the most prevalent, often cited case in support of that is Keller v. Walker, which was a large part of the trial court's thinking, and which is never touched upon at all in the bank's briefing in this case. Keller suggests as no authority in Illinois to indicate that foreclosure actions were exempt from the rule that you cannot sue a dead person. There is absolutely none, Your Honor. The mortgage foreclosure law itself is silent on the topic, and there is no case saying what the court has just inquired about as to whether a mortgage foreclosure somehow has some unique property which exempts itself. The defendant would have to look to Section 13209 to avoid that rule. Pardon me? The party would have to look to Section 13209 to avoid the rule. There are two ways in which the party can avoid the rule. The easiest and simplest is Section 13-209, as the court has inquired about, which clearly provides that in the death of a party, a personal representative may be named at the request of the plaintiff in the case. And then the second way is that a creditor, that is a lender, is an interested party within the meaning of the Probate Act and therefore has the right to open an estate as an interested party. So either and then tend to have an executive name. Either one of those routes. Was there a rejected attempt to follow either one of those procedures? There was a complete refusal to follow those procedures here. The court, the trial court, made clear what its thinking was here. And I believe in each case continued the case for the parties to examine whether they wanted to do that and to amend their pleadings. And unlike what many, many lenders do these days, which is to go the 13-209 route and name somebody, they refused to. And then the court had no choice at that point because it no longer is a discretionary call. In the absence of jurisdiction, in the absence of justiciable controversy, the case has to be dismissed. And I might add, following up on that, that there is a procedure established in the Chancery Division in Cook County now for exactly this route. And there's a memo from the former judge of that section saying, you know, here's what you do and here are the people who are willing to accept appointment. The law of necessary parties offers a parallel and closely related alternative path for affirming the circuit court. I've already talked about the fact that a court may not proceed in the absence of a necessary party. And Section 15-1501 could not be plainer in saying that the mortgagor is a necessary party. And so really the question before this court is whether that requirement, that the mortgagor is a necessary party, simply evaporates upon the death of the mortgagor. And the Mortgage Foreclosure Act law provides that the Civil Practice Act applies unless the Mortgage Foreclosure Act says something different. And it doesn't say anything different. And then the Civil Practice Act in 13-209 does provide a vehicle, an easy vehicle, by which there can be a substituted party here. And as we've already talked about, Justice Freeman, the Mortgage Foreclosure Law is silent concerning the death of the mortgagor. And then there are two recognized routes by which anybody can get, you know, not anybody, but the plaintiffs in these cases can secure a party so that they may proceed with the case. So because a necessary party is absent, the court is equally barred, just as if there had been no jurisdiction, from proceeding. And there are a number of reasons for that, but the other side has not challenged the law of necessary parties, so I don't think we have to go into that. The question of whether a foreclosure is in rem or not is not a controlling question here. There's a lot written about this, but the banks are absolutely silent as to why that should make a difference. And the question of whether a mortgage foreclosure is in rem or not was introduced into the DNA of this case by Wells Fargo, who was the lender in other cases pending before the circuit court, which led Judge Simcoe to write his trial memoranda here. And they said, this is in rem, and therefore we don't have to name him, period, but without any intervening logic as to why that might be so. At the time of reconsideration in that Wells Fargo case, even Wells Fargo had abandoned the argument and no longer was saying that the fact that it's in rem makes a difference and said explicitly, according to Judge Simcoe's memoranda, that it does not make a difference. So if a foreclosure were to be regarded as being in rem, I realize that there's cases from this court saying that it is, but never in this context. It was always having to do with time bar and never examining jurisdiction, but rather only time limitations. But if it is regarded to be a strict in rem action, such as a suit against the Ford van or against $15,000 in gambling cash, then there would be consequences which are really untenable. First is that the property itself would be the only defendant. Second is that the mortgagor need never be named as a defendant, because if jurisdiction is sufficient here, if it is sufficient to name the property as the defendant because it's in rem, then you need never name the mortgagor, and yet the legislature has clearly stated to the contrary. There is no principal difference between a case in which the mortgagor is alive and one in which the mortgagor has passed away. And so for, I don't know how you can escape the conclusion that a mortgagor is a necessary party and a court can't proceed if a live mortgagor is named, then why, is there any reason why the results should be different, that there has to be a substituted party if the mortgagor has passed away? Now we have offered substantial authority suggesting the foreclosures are quasi in rem, and in that type of cases the property is indeed affected and the relief can be regarded as being in rem, but the jurisdictional basis of the case is not in rem. But even if this court were to find that these proceedings are in rem for some reason, it has no impact on the necessary party argument which is grounded upon the statute. A few words about financial freedom. Financial freedom is a case decided by the first district a few years ago, its most recent expression on this topic. And there a son of the deceased mortgagor argued that the suit was time barred, and so this case has the same type of procedural posture, if you will, of the old cases, which talk about whether these cases are in rem or not. But the argument was not initially made there, that there was a missing party, and Justice Joseph Gordon, writing the opinion, said that if the court had any concern, it was that there was, quote, no single person claiming ownership of the land since the land was never probated. But in that case, there was a son who was before the court vigorously contesting the action, and the court said, look, this person can't say that this case has not been vigorously defended, because indeed it was. On appeal, the defendant made an argument that the mortgagor was a necessary party, but the court said that the argument had been forfeited. It actually said waived, but I know forfeited. And because it had not been developed at all, and so the court expressly said we are not going to take up this question of the meaning and significance of Section 1501 of the Mortgage Foreclosure Law, which says that the mortgagor is a necessary party. The opinion does not reveal that the defendant there argued that mortgage foreclosure actions are quasi in rem, as opposed to being in rem. And I think everybody in this room knows, with Justice Gordon's reputation for thoroughness, that if the argument had been made, it would have found expression in the opinion. So I think we can safely say that it was not argued. It clearly was not decided. And there are some policy considerations here which come into play. Obviously, if the court finds that the words of the statute are clear, and we think they are, then the court need not resort to policy considerations. However, we've cited cases which say that policy considerations can inform and buttress a court's decision in terms of the meaning of statutes. Any inconvenience to the lenders in this case is minimal, and it would pale in comparison to the risks of injustice to parties who are not properly made aware of the proceedings. And secondly, in terms of judicial efficiency, efficiency of the dispositions of these matters, many lenders are routinely naming personal representatives. We are not advocating the efficacy of any particular defense. We're not here saying who should win, who should lose, whether under the facts of any particular case, the outcome should be in a particular way. We are arguing two things. We are arguing for compliance with the statute, and we are arguing for fair regularity procedure, which is better calculated to reach persons who might have an interest in the outcome of these foreclosure actions. Mr. Reagan, 1501C provides that, quote, any unknown owner may be made a party in accordance with Section 2413 of the Code of Civil Procedure. And then 2413 provides that interested parties whose matters are unknown may be listed as unknown owners, unknown heirs, or legatees. So my question is, reading these provisions together, can that statute legitimately be read as requiring that a mortgagor's estate be made a party when a mortgagor does? Dealing with the very last part of your question first, we don't think that there has to be an estate per se named as a party, but rather a personal representative. And that personal representative can be somebody appointed, a special representative under 13209, or the executor of an estate. An estate per se can never be named because you have to have a person. You have to have a body before the court, and that's either the executor of an estate or the personal representative. Secondly, Judge Simcoe developed at some length in the trial court opinions why the naming of unknown heirs, which basically takes place in every foreclosure. It's part of the form. People just stick them in. But that is not a substitute for the actual effort to name and find somebody who is a representative of the estate. And he suggests, Judge Simcoe suggests, that the unknown heirs has to do with the naming of somebody who is known to exist but whose name is not known. And unknown heirs in the statute, in the words, in the part of the statute that was read, says that they may be named in a permissive basis, whereas the other section provides that the mortgagor shall be named as a necessary party. So in both these cases, the ABN and Charter I, the analysis would be the same? Exactly the same, Your Honor. There's no functional procedural difference between them, and there are no factual wrinkles here. The mortgagor was deceased before each case was filed. There's a slight difference as to when they found out, but that's not controlling. And both lenders refuse to name personal representatives or, in our view, to comply with the statute. Thank you. Good morning, Your Honors. Brian Schroeder for the Epelese Charter I Bank. First of all, to address the standing issue, I'll do that very briefly. Page 4 of our brief does recognize and acknowledge that this Court appointed CVLS to act as the de facto appellant in this case. We simply, in that brief, ask this Court to reconsider that ruling and to hold that there's no standing here. CVLS is essentially an officious intermeddler in both cases, both the McGahan case and the Hunter case. Nobody has come forward ever that the record discloses to say, I'm an error, I want to fight this. In the Hunter case, which Charter I Bank is involved in, Ms. Hunter died in August of 2005. Charter I filed suit to foreclose in January of 06, and it was not until April of 07 that Judge Simcoe dismissed the case for lack of jurisdiction. That's nearly two years. Nobody came forward. We respectfully submit there is no one. And, therefore, CVLS is taking up a cause that, in this case, simply serves no interest and advances no one's interest. No one's asked for help. No one's asked to intervene in either of these cases. There's no need for this Court to do anything except throw it out. Moving on to the merits, Justice Friedman, I believe, asked about Section 13-209. The Appellate Court in the Financial Freedom case took that issue head-on, and that Court discussed this Court's prior decisions in Wohlhoff v. Bartlett, Marcus v. Chicago Title and Trust, in great detail and held and recognized that in the Wohlhoff case, this Court specifically said a foreclosure action is a proceeding against the land, not against a person. It does not seek an in personam judgment. It is a proceeding against the land itself. That is a reflection of older decisions from this Court that we have cited in our brief. But the point is, in Financial Freedom, the First District squarely said, 13-209 has no bearing in a mortgage foreclosure action involving a deceased mortgagor because a mortgage foreclosure proceeding. If that is true, wouldn't the caption of this case more properly have been the address of the property? Say that again, Your Honor. If that is true, wouldn't the caption of this case more properly have been the address of the property rather than a name, person? I think, Your Honor, that's sort of a semantic distinction that doesn't have a difference here. How Charter I or ABN Amarillo chose to frame their complaints, I don't think should be dispositive here. The fact that they chose to name, for example, Charter I named Margaret Hunter because they didn't know she was dead. So that's how the initial complaint in the Charter I action came to be framed. When they realized that she was deceased, Charter I then amended the complaint to add unknown heirs, which is what Section 15-1501C of the Mortgage Foreclosure Act allows, which is something that Justice Thomas had gotten into. So, no, to answer your question, I don't think that it would make a difference if they named the address versus some other designation of the defendant. The point is the mortgage foreclosure action itself is a proceeding against the land. It could have been easier, I suppose, to say the address of the property. But, again, when Charter I first filed action, it didn't know that the mortgagor had been deceased. So I don't think it's a dispositive difference. But going back to the financial freedom case, this case here, if you choose to decide, it picks up where financial freedom left off. Because as counsel alluded to, the First District and financial freedom did not take up the issue of Section 15-1501 of the Mortgage Foreclosure Law because it decided that that issue had been waived and was not developed. And that's where we come in about the definition of mortgagor. Our brief discusses this Court's decision in Vaughn v. Speaker from 1988, in which, in that case, this Court said, an individual and an individual's estate are separate and distinct legal entities. They cannot exist simultaneously. And what that means, as our brief points out, is that while the Mortgage Foreclosure Statute defines mortgagor as a person in two circumstances, the person whose interest in the property is subject to the foreclosure, and any person claiming an interest through the mortgagor as a successor, they both call for a person. And under Vaughn v. Speaker, this Court has already recognized that a person and a person's estate are separate and distinct legal entities. Based upon that, it is our contention that mortgagor does not, the definition of mortgagor in Section 15-1501, does not include a deceased person's estate because, again, this Court has already said they are separate and distinct entities. And we would point out that, as we did in our brief, that section, the definition section of the Mortgage Foreclosure Law was amended both in 1990 and in 1994 after this Court's decision in Vaughn and the General Assembly saw fit not to do anything to amend the definition of mortgagor or to expand it to include this other class of potential necessary parties as being the estate of a deceased mortgagor. Mr. Schroeder, you would agree that if this Court agrees that the action is quasi in rem, that even if we agree with you on the statutory argument, a different result is mandated, right? Yes, Your Honor. On that basis, yes, because there are essentially two different issues going on here. Is something required under 13-209? And alternatively, what does the Mortgage Foreclosure Statute itself say? So, yes, if this Court were to decide that mortgage foreclosures are quasi in rem, that changes the whole calculus. And then you could argue that whatever the Mortgage Foreclosure Act says doesn't really matter because 13-209 would then kick in. It appears there are statements in this Court's opinions that really go both ways. But it seems that the ones that refer to the action as in rem, I don't see any evidence that the Court was considering the specific distinction between in rem and quasi in rem. So my specific question to you is, and I think I know at least what part of your answer is going to be, in Austin, and I believe you're going to say that the reference to quasi in rem is dicta, but in that case the Court considered the distinction and specifically referred to foreclosures as quasi in rem. Is that the best case we have before us for an analysis by this Court as to whether it's in rem or quasi in rem? I will give the easy answer first. You're right. You know what I'm going to say, at least in part, that Court's statement is in fact dicta because Austin was not a mortgage foreclosure proceeding and was not dealing with property. It was instead dealing with rights in a benefits certificate as a personality. Not realty was at issue in that case. Certainly the CVLS believes Austin is a very good case. It does discuss in rem versus quasi in rem, but again, I have to come back to there was no realty at issue in that case. And so it is dicta. I would submit to you that the better cases are the ones I've mentioned, Wohab v. Bartlett and Marcus v. Chicago Trust Entitled. Those are discussions of foreclosure proceedings granted in the time context of whether a claim against an estate, the failure to file a claim against an estate barred a subsequent action to foreclose the mortgage. I think the analysis of the Wohab court and the Marcus court are closer to the issue presented before you today because they talk about what is a mortgage foreclosure proceeding, and they talk about why it is in rem, and historically it's been treated that way, and it is an action against the land. And even if you go back to the 1850s, the really old cases, they all talk about how the statutes require naming certain people and how the statutes also allow for naming unknown heirs as if that is, and meaning that that is a sufficient way to deal with a circumstance when you have a deceased mortgagor, and it's not a bank's job to go and try and find out who the heirs are. That's not the bank's job. Their job is to deal with the document that they have signed with the mortgagor, and presumably, I think the law certainly does make some reasonable inferences in how it conducts itself. If there are heirs of someone, you'd like to think they would come forward. And as I said before, in these two cases, they haven't. And we submit the reason is there aren't any, or if there are, they are not interested in trying to assume this mortgage or salvage the sale of the property. How would they know there's an interest in the property if they don't get served? Well, logically they wouldn't unless they knew of this heir, Margaret Hunter, and knew she was deceased or hadn't heard from her in, by now, since she died in 2005. It's now 2010. Four and a half years have gone by. Granted, the record on appeal in this case is only current through Judge Simcoe's dismissal in April of 07. We have nobody coming before any tribunal on their behalf saying, I'm an heir, I'm a potential heir, let me do something. I don't want to lose this property. Nobody's done anything for four and a half years. If it's an in rem proceeding, then you don't have to let them in, right? It's against the property? Yes. So in that situation where, you know, say your Aunt Tilly dies, and you really didn't know Aunt Tilly had a mortgage on this property, and she lived there a long time, but maybe she's paid the mortgage for 18 years, she dies, obviously she's not paying the mortgage. So if it's an in rem proceeding, the bank gets the property back and forget about 18 years' worth of payments on this property. That is, that's what the law currently allows, Your Honor. If the General Assembly doesn't like that, and this is, granted, I would say, a rather unique loophole and hopefully a very small one in the way the mortgage foreclosure system is structured, it's up to the General Assembly to change that. In this case, again, no one's coming forward, so I don't know how that impacts this case. But in your example, yes, if someone's, even if it's the last payment on a 30-year note and the property's going to be lost, because it's an in rem proceeding, that's the way it is. But that's not the, that's viewing the issue in isolation. As I said before, we have two different analyses here. Is it in rem or not, which would concern the applicability of 13-209? And then what does the mortgage foreclosure statute say? You've got to pass through both. And as Justice Thomas said, if you decide it's quasi-in rem, that sort of ends the discussion. But if you adhere to the cases that I've cited, as we, as Charter I hopes you do, and hold that these are in rem proceedings, that's only half the discussion. You look then at the mortgage foreclosure statute, and as we've argued in the brief, and as I'm saying now, the estate of a deceased mortgagor is not a person, and therefore that estate is not a necessary party. How often does that happen in this state? I don't know. Nobody knows, I suppose. But that's based on Vaughan. That's the position we are taking here. And while C.V. Ellis' brief does not discuss Vaughan, Mr. Reagan didn't discuss it in his argument here, I think it's a very important issue. Again, if they don't like that, it's this Court's job to interpret the law, not to write law. Go to the General Assembly, petition them. The General Assembly has the right to attack perceived evils incrementally. It doesn't have to attack it all at once. And another analogy I would like to make as to why an estate is not co-existent or synonymous or interchangeable with a person is the nullity rule. The administrator of an estate cannot defend or bring a lawsuit in the name of the estate. You need a lawyer to do that. That's what the nullity rule is all about. My point in saying that is that this Court has recognized in a different context that an estate is not interchangeable with a person. And that principle is what we have here in Vaughan and why the Mortgage Foreclosure Statute's definition of mortgagor as person, again, does not include the estate of a deceased mortgagor. And again, when I said there should be some common-sense assumptions underlying the law, if you were the last, for example, I'm making the assumption that Margaret Hunter has no heirs because none have come forward. If there were heirs and they had any sort of relationship with her, someone would have come forward by now to say, hey, I think I'm an heir of her. That would make them a person claiming an interest through the mortgagor as a successor, which would make that person a necessary party. But, again, that hasn't happened here. So, again, we submit, Charter I submits, that the Mortgage Foreclosure Statute's definition of mortgagor as a person necessarily excludes the estate of a deceased mortgagor. Mr. Schroeder, when you filed a complaint for foreclosure, you're filing that premised upon the existence of a mortgage, is that right? Yes. And the mortgage is executed between the bank and someone else, right? Yes, in this case, Margaret Hunter. Then how is it? I mean, isn't that the vehicle that gives you the legal right to extinguish some interest in order to proceed, as you suggested, against the land? What gives Charter I or any bank the right to foreclose on a mortgage is the fact that the mortgage is no longer being paid. The underlying note and obligation that the mortgage secures is not being honored. So that's why the foreclosure action was filed, because, as the case law makes clear, the bank has the right both to go against the mortgagor personally on the note to try and get an in personam judgment, and can go against the land. In this case, Charter I, and I believe APA and AMRA as well, neither of their complaints seek a personal judgment against the mortgagor, McGahan or Hunter. And then after both banks learned that those people had been deceased, still neither complaint sought a judgment against the estate, and no claims were, well, no estates were open, so no claims could have been filed. I don't know if that answers your question. I guess what I'm trying to get at is the vehicle to proceed in this action is because a mortgage document was executed. There was a closing. Someone borrowed money. Someone signed a document securing that loan with the property. That was an individual. They had to have a legal right in the property in order to give you that lien against the property. Is that not right? Yes, I see where you're going. Yes, what gives the bank the right to file a foreclosure action is the contract that was signed, the promissory note, the loan agreement, and then the security interest that the mortgage gave. Yes, that is what gives the bank the right to go after the property. So I guess what I'm trying to get at, and I just want to understand your argument, is what happens to that legal interest that existed to give you the vehicle, not in the beginning, but, I mean, it gave you a protected interest in the future, to do what you're doing now is to go against the property. What happened to that legal interest? Doesn't that still attach to somebody? Well, I'm distinguishing between the going after the property and going after personal liability on the note. So if we're only going after the property and we get a judgment of foreclosure, that will extinguish Margaret Hunter's rights in the land. And what does that do to her note obligation? I suspect that that's just going to be written off. And since there's no action pending to go after the underlying note, that's just going to go away. Well, I realize in terms of personal judgment and so forth, but there may be equity in the home, right? There may be, yes. And if the sale occurs, which presumably will happen once the bank is able to foreclose and there's a sale, yes. So what happens then if, say, Margaret Hunter had two payments left and she owed $1,000 and the house sells for $50 or $100? What happens then? First, respectfully, that's not the issue before you right now. But secondly, in that circumstance, I would submit the General Assembly should amend the Mortgage Foreclosure Act and say if a bank sells and there's no owner or no one can be found, here's what you do. But what you do with the excess money, if there is any after a sale, does not make a difference as to whether the proceeding is quasi in rem or in rem in nature, and it does not make a difference in our judgment as to the definition of mortgagor in Section 15-1501. Thank you. If there being no further questions, we would ask that you affirm the judgment of the appellate court in this case. Thank you for your time. Briefly. Before you address some of those points, just out of curiosity, on the standing issue, I mean, are there errors in this case? I don't know, Your Honor. We don't even know if there's anyone aware of any errors, Are you just aware of the proceeding that this court has allowed CVLS to represent? Which is exactly where I was going to start. They make much of the fact that no one has come forward. And Justice Garmon said, well, how would they know? And the only way they would have known in this case, but this question is far broader than these cases and whether somebody exists here, is that an envelope was addressed in at least one of these cases, I know for sure, perhaps in both of them, was addressed to unknown heirs and sent to the mortgaged property. And, of course, it was returned by the Postal Office saying address see unknown or undeliverable or something like that. And that was the end of the inquiry. The Tribune has read, well, What is the interest of the state in funds that may be left over after the mortgage is satisfied? Does the state have an interest? Yes. I don't know the exact answer to the court's question, but eventually I suppose it would, as cheat to the state, but I really can't comment on that more knowledgeably than that. But it has to go somewhere, which takes me to the next thing I wanted to say. Before you get into that next thing, I know we didn't spend a lot of time on this in the original argument, but is this the only case that you're aware of where, and I'm not faulting you, I mean, this was handled by motion, as Mr. Schroeder said, but is this the only case where an amicus in the appellate court was allowed to prosecute an appeal such as this in the Supreme Court? We developed in our petition for leave to appeal and in the motion for supervisory order, although they're functionally the same. So in the petition for leave to appeal, we wrote more about that question than we did in the briefing because the petition had been granted. There have been cases which come close to the inquiry that you're making. In one of the right to die cases, this court appointed an attorney to argue in favor of affirmance of the trial court. The court reached out on its own and said we wish to appoint somebody. In the petition for leave to appeal, we identified authority from this court in which the court said that the court can take notice from anybody, including a stranger to the case, that there is a necessary party missing and that, therefore, the court doesn't have the right to proceed. Where I'm going, though, is I'm just wondering if the court is embarking upon a dangerous precedent, and that's why I asked you if we know where the errors are. What happens in a case in which there are parties in the appellate court who did not prevail and choose not to file a petition for leave to appeal? I mean, are we setting a precedent then where we can allow, because it's an interesting question or an important question, that an amicus can then come in and proceed in an appeal where a litigant who perfected the appeal in the appellate court chose not to go forward? Well, this court is in absolute control of its discretionary docket, and I can't imagine that the court would ever grant a petition for leave to appeal by an amicus in such a case. And so here the urgency is because there was nobody, and nobody did anything. And the reason was is the fundamental failure to conform to the statute, which is to name a personal representative. And so we have identified, in which I talked about, the court's own obligations. So we are here truly as amicus in assistance to the court of examining the court's own responsibilities at every level, both on review, and we've developed all this, that the reviewing courts as well as the circuit courts have the obligation to examine their own jurisdiction. And in the absence of a justiciable controversy framed by a complaint, there is no jurisdiction, there is no necessary party here. This court has the obligation, as do all courts, to act in the protection of decedents of states, regardless of whether there's a party raising a question, either adequately or at all. And so we are not here as a party, except by appointment of this court, which parallels the case cited in our petition for leave to appeal, where the court did appoint counsel to do that. So we have an important admission here this morning, but I think it is a frankly forthright admission that if this court were to find that these proceedings are quasi-in rem, that it does change the whole calculus of the outcome of the case. Austin v. Royal League is indeed the best case. It is the most explicit case in which this court discussed the difference between in rem and quasi-in rem actions. If I were starting on the research trail in this case, I would start with Professor Michael's text, which we have cited at page 20 of our brief, in which he lists, he describes a mortgage foreclosure as being a quasi-in rem action. And he said examples of such lawsuits, that is, which are quasi-in rem, as opposed to in rem, are other things which are much like this, which are actions to quiet title, actions for delinquent taxes, actions to foreclose mortgages, and actions for specific performance to enforce contracts for the sale of land. And so these are in rem actions. Vaughn v. Speaker adds nothing to this. I mean, there is clearly a distinction between a living person and that person's estate. There's a difference, but it really doesn't add to the analysis of this case. Mr. Schroeder talked about the fact that, you know, the legislature hasn't done anything. Well, the legislature doesn't have to do anything. What the legislature doesn't like, in his opinion, or in our opinion, is the fact that the statute was not complied with and that the mortgage owers were, or a representative of the mortgage ower wasn't named. And so the statute exists. We rely on the statute. We don't think there has to be any statutory change. And this notion of nobody has come forward and, therefore, what's the big deal, or as they say in their brief, much ado about nothing, doesn't address the seriousness of this case. There is a complete absence of jurisdiction. And even if I were not here at each stage, the court has an obligation to look at jurisdiction and as the ultimate reviewing court to look back and see whether the appellate court had jurisdiction to do what it did. Okay. Thank you. Thank you, counsel. Case number 107954 will be taken under advisement.